Jay Stejn (SBN 141042)
FINESTONE & RICHTER
A Professional Corporation
1875 Century Park East, Suite 1500
Los Angeles, California 90067-2516
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
(jstein@frlawcorp.com)

Attorneys for Plaintiff, Biotab Nutraceuticals, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOTAB NUTRACEUTICALS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIO-NEUTRACEUTICALS, INC., a California Corporation; GERALD FARRIS, an individual; MULTI-PAK CORPORATION, a California corporation; and, DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV11-07325 DMG (PJWx)<br><br>**JUDGMENT [18]** |

Judgment is hereby entered in favor of Plaintiff Biotab Nutraceuticals, Inc. as against Defendants Bio-Neutraceuticals, Inc., Gerald Farris, and Multi-Pak Corporation, jointly and severally, on the following Causes of Action alleged in the Complaint: 1) LANHAM ACT – TRADEMARK INFRINGEMENT; 2) LANHAM ACT – UNFAIR COMPETITION; 3) LANHAM ACT – USE OF COUNTERFEIT MARK; 4) VIOLATION OF CIVIL RICO; 5) INTENTIONAL INTERFERENCE WITH

ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGE; 6) FRAUD AND DECEIT; 9) UNFAIR COMPETITION; and 10) FALSE ADVERTISING.

1. Each of the Defendants, and their shareholders, directors, officers, employees, agents, representatives, successors, assigns, and all other persons or entities acting for the benefit of, on behalf of, or in concert with, any of the Defendants, are permanently enjoined from:

   1.1 Using Plaintiff's trademark, "ExtenZe®," or any colorable imitation thereof;

   1.2 Using any trademark that imitates, is confusingly similar to, or is in any way similar to or a variation of, Plaintiff's trademark, "ExtenZe®;"

   1.3 Engaging in any act that tends to lend the impression to consumers that Defendants' goods and services are, in any way, of the same origin as, related to, or a variation of, Plaintiff's goods and services associated with the trademark, "ExtenZe®;"

   1.4 Selling, offering for sale, brokering for sale, marketing, advertising, distributing, or transporting any goods bearing the ExtenZe® trademark or trade dress, or a colorable imitation thereof;

   1.5 Suggesting in any communication to others that there is any connection between Defendants and Plaintiff, Plaintiff's goods, or Plaintiff's ExtenZe® registered trademark; including that Defendants are a distributor or former distributor of ExtenZe® branded goods;

   1.6 Importing any goods into the United States purporting to be Plaintiff's goods or goods associated with, or intended prospectively to be associated with, Plaintiff or Plaintiff's ExtenZe® trademark;

   1.7 Manufacturing or causing to be manufactured any goods purporting to be Plaintiff's goods or goods associated with, or intended prospectively to be associated with, Plaintiff or Plaintiff's ExtenZe® trademark;

1.8 Using any Internet domain name, including any email address or social media name, that contains Plaintiff's trademark, "ExtenZe®," or any variation of that trademark; and

1.9 The use of any meta tags or hidden code visible to Internet search engines but invisible to others, as well as the use of any website content, containing Plaintiff's registered mark, ExtenZe®, as a means of fooling Internet search engines, confusing prospective customers, or diverting attention and commerce from Plaintiff's website and the true origin of Plaintiff's ExtenZe® branded goods to Defendant's website, address and/or telephone number.

2. Each Defendant is ordered, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all advertising, promotional materials, signs, packaging, labels, containers, or other materials within their possession, custody or control bearing any trademark that infringes upon Plaintiff's ExtenZe® trademark, as well as all plates, matrices, tools, dyes, electronic files, and any other means of making same.

DATED: December 8, 2011

DOLLY M. GEE
United States District Judge